My name is Larry Morris and I represent the petitioner in this matter. In Mone v. Roy, the United States Supreme Court said that the state may not obtain a conviction if the pretense of a trial of monstrosity is used by means of depriving the defendant of liberty, subject to deliberate dissection of the court and jury, by the presentation of testimony known to be perjury. That's what happened in this case. Lawyers aren't supposed to lie. They're not supposed to lie to opposing counsels. They're not supposed to lie to the court. They're not supposed to lie to the jury. They're not supposed to trial a decision when they've taken a lie, and they're supposed to correct what decision they know of already. So, as soon as we agree with you and think, even if we think this is a very courageous violation, we still have to purview this under a heretic director and think what the state court might have thought in denying this claim and why it's unreasonable for the state court to have thought that even if this was a violation, it was harmless because there was so much evidence against your client. Well, first of all, in a situation where you have medical error, it's not a question of subjective evidence. To say the reason we started off with two states is a great area. We've got every kind of area. Sam, do you agree with you that the state, we have to imagine the most reasonable thing the state court might have thought when it denied that explanation? Well, you know, under the law, essentially, any state court could accept this and find it to be some kind of reversible error. The problem I have in this scheme is the jury totally didn't believe Johns. They said, we don't believe him at all because now we know that he had a deal. They don't believe him at all, but the state courts still have thought that the verdict would have been the same because there was so much other evidence. I think that's why the state court ruled the state court would have been an error. Why? Tell us why. Because the standard for this kind of error is not whether or not it would have changed the verdict. It's not whether or not the jury would have made a decision, but could it have affected the decision of the jury? Because it goes to the very heart of the truth finding function of a jury. If false evidence is presented in prosecuting lines, there's no excuse for that. Now, it isn't a per se error, although this court has said it's pretty close to a per se reversible error. But what it does is it asks whether or not the jury judgment could have been affected, not whether it was, but whether it could have. That doesn't have to do with how much other evidence there is. And in this case, it's totally unreasonable. The court defined that they... But wait, why doesn't it have to do with how much other evidence there was? I mean, it's overwhelming evidence that there are 100 witnesses that see the shooting, and then one of those witnesses had a deal, and it's incredible. I mean, wouldn't it be reasonable for the state court to say at that point, yeah, there was an egregious thing that the prosecutor did here, but it doesn't make a difference? Well, yes, it would have been error because the difference is it has to talk about whether or not it's the type of error that could have affected jury's judgment. And how good it is or not? I mean, I know that our eyewitness isn't a hypothetical. No, but you are. Well, okay, let's get rid of the hypothetical and go back. I mean, I'm asking... Well, look, we can obviously construct a hypothetical where the lie was in a substantial manner, in terms of tell-all resolved in the case, for lack of a better word. But this is not this case. Why not? Tell us why. Because the only eyewitness, the only person who said that my client shot the victim was Mr. Jones. Nobody else said that. The son saw the shooting and saw the tattoos and the girlfriend and there were a lot of other witnesses. True, there were a lot of other witnesses, but the son said he didn't see much. I mean, his testimony, what's interesting about his testimony is that according to the general scheme of the prosecution case, my client came into this apartment, the son is sitting there, sees my client come in, sees him talk briefly with the young lady, his heir, and they go off to the room where the father is. The room is well lit. He had an ample opportunity to observe him. He never made an identification. More importantly, he never was the first to make an identification. Not a single one of those people, except for Chris Starborough, who's the girlfriend of Mr. Jones, must be viewed in a paramilitary escort with Mr. Jones. None of the other people identified the defendant there. None of them identified him. Nobody else saw the shooting except Mr. Jones. And Ms. Dianne, Dianne III, says that he saw the speech guy pull the gun out of his waist, but he didn't say that that was my client. Okay, could you allow me a bit to discuss what happened in the trial? Right. Could you tell me what happened in the district court? Well, I filed a petition. We had a hearing. I was ostensibly about my request for the issuance of a 17C subpoena to get a copy of the CD of the meeting. That sort of morphed into a general discussion of the case. The district court basically said that it didn't believe that anything that I raised had anything to do with anything because it was overwhelming evidence. But that's not the test. The district court never examined the question of whether or not it was the kind of evidence that could have affected the jury's decision. But the district court did not issue a 16C subpoena? No, it did not. There's a trick. It made the fact finding that there was no immunity deal? I'm sorry? Did the district court, the federal district court, make any fact findings in that hearing? Well, really, what the district court said is that there's some evidence that suggests that there might have been a cooperation agreement that was found for his reasoning. That's right. He said he didn't get that on a cooperation agreement. But what about the states of the jury? Basically, the judge said, well, I didn't think there was enough evidence to make him see that there was an agreement. So is that the fact finding that we need to defer to under an inquirer? That's what the federal court just asked. We're trying to figure out how to review what has already happened now in this federal court. It's kind of an odd procedural posture. No, I understand that. He never made that finding. What he said is that there was periods of some kind of agreement, but it didn't rise to the level of something he thought was a cooperation agreement. Well, I got to understand that. I'm sure the district judge would understand that because most of the time in federal court ---- But, I mean, that sounds like you're saying that there was no cooperation agreement. Is that a fact finding that we now need to defer to a district lawyer to review that? Maybe it's just a no vote. I think it's a conclusion of law because he's saying it's the problem. He didn't disagree with any of the facts that I laid out in the written. But based on this, it's not enough to say that it's a cooperation agreement. That's not a fact finding. That's any or a case of the facts under the law that's not sufficient to constitute a cooperation agreement. So there's no deference required. In the record, the judge was looking at which one you filed. Correct. And the district judge, as I read it, at least, concluded that the evidence you filed said there was no cooperation agreement because it seems to be the basis of the rest of the findings. Are you saying that that factual finding, because there was no other hearing in this matter, is not entirely the difference? No, I'm not saying it's not a factual finding. There was no discussion between the district attorney and the defendant. No, there was no discussion between the investigating officer and the defendant. No, there was no agreement between them. What he said was there's evidence that suggests that there might have been some kind of agreement. But there wasn't. It's not sub-level evidence that I have to consider a cooperation agreement. Is it not a factual finding? No, because he's saying under the law, the facts that you present to me are sufficient. It's not a fact of finding. It's not finding that this didn't happen, that this did happen. He's saying assuming all those facts that you laid out here happened, it's not enough evidence to prove. And what was it that you didn't throw in there? What he didn't throw in there was to ignore what both the evidence established. You can see when he kind of continues that two stripes. Somehow, he talks to the investigating cop. The investigating cop says, I'm not going to let you control whatever happens to your case. Cooperate with me, and I'll make sure you get the best possible sentence. So then he doesn't get charged in the initial crime. The case is released 18 months later. He's back in custody. The judge wants him to talk to him again about some kind of improper influence with the trial attorney. It immediately segues into the fact that he's a parole hold and he wants him back in custody. The investigating officer says, well, I'll see what I can do about that. Amazingly enough, the parole hold is released, and then the prosecution goes and agrees to no bail. And the search truck takes it and pulls it. It's recorded all over the place. It's dejected. And then after the trial, the significant insistencing by the judge in Mr. John's case is absurd. The judge says, no, it's not an unusual case. No, he's been a bad boy. The conduct is increased in seriousness. The impact is in mitigation or outweighed by those in aggravation. And he imposed probation because of being a legal dean, and then he goes ahead and imposes probation. So, you know, I mean, he walks in and talks like a dog. He's a dog. I mean, you have a very straight guy who commits two crimes and ends up with straight probation. And, again, I mean, it's really strange, the fact that the dean basically didn't know Friday numbers. He practiced a lot of trial law. I'm trying to imagine a situation, judge, where I'm filing those three strikes. If you're on a new case, I want an O.R. I'm going to go. You know, I'm taking a higher chance. The dean of the DA says, who's good with us? And the judge just says, okay, you're an O.R. That doesn't happen. And, again, it was because somebody's arranged that. There's no question that he was a cooperation dean. That's what we see judges hang on for, and that's what he got. And, again, the point is left to the jury's review. Good morning, Your Honor. This is David Henderandert, deputy jury general correspondent. I can tell you exactly why, in 2007, Mr. Johns did not end up with a few straight sentences. It was before the jury. He spoke up at a time right after the shooting when he created the name Simon. So even though he did what he thought he could have done with those straight sentences, the detective made clear that he was going to go to the bathroom in 2007 regarding the shooting. And that's what they're up to again. But I'm concerned about the standard of review I have. And I'm not a power judge, so I don't get confused about it. They know it better than I do. But it seems like the fine is the fine, because the view of the lawyer or the decision to grant a denial, the ruling to deny Amy's petition is reviewed and over with. I read the record, but I've got to go back and look at it. The judge made factual findings. Within sight, anything dies. We have to accept those. But there wasn't any further testimony. As I understand it, you can look at the same record if you want to look at it again. Well, what is our job? And what is the standard of review for a decision made by a judge? If he suggests to you that all of your evidence is flawless and sufficient to prove it, your brief suggests, oh, you're back on the refiners. I don't really get you. Well, their particular set of evidence, it's not a significant fact. It's necessarily a factual finding. Well, the police can testify. I testified today. There is this evidence. The evidence is all in the state court record. It is a model state court judgment. The story is not considered a lot of testimony. But, of course, it's the evidence. So the district court judges always look at state court records in ABS, and we always review what they say to know, but why is this different? We don't review the factual things. Well, we do. We do. I mean, in ABS, unless there's testimony, I don't think we can point to any case where we do. Okay, do that. It's right in the brief. This part, no matter what the factual basis in this court is, this court considers for a clear error. That is, it's on page 8 of my brief. They're all self-procedure. It's today. Mr. Anderson, that's not a habeas case. I'm asking you for a habeas case in which we don't review the merits of a habeas or changed it over, which is, if Anderson admits the city of Bessemer is not a habeas case. It's a state state. It's a case with a lot of patient view. Habeas doesn't have any specific health faults, Your Honor. Well, he's asking you types of limits when you can have a hearing and when you can have further factual development. We have to take the state court records. I mean, all of the things that help the state are about how there can't be further development in federal court, and you're trying to say there was further development in federal court here. I'm not saying there was further development in federal court, other than the fact that the court agreed to consider arguing to a declaration that was not made in the state court. But whether or not new evidence is visible in federal court is only a question of law, not fact. So, would you sit there? It would be helpful if you could point us to a habeas case in which our court reviewed something that the district court said and evaluated a habeas petition for clear error instead of de novo. I... Or you should just say, if you can do a de novo and move on. It's not a de novo. I could give you a case... I can give you a case, I imagine, of the habeas cases that came down. If you look at it today, it would point out you decided you were going to the local petition, but that includes factual findings for clear error. I would imagine the latest two cases from this court would see precisely that. I must confess that I am confused by this case. I do not understand. Normally, in habeas, we have a standard by statute that we review what the state court did. That is correct. And nobody is arguing... Could you explain to me what is the nature of the state court ruling? I think we have... The state court did not articulate factual findings. It wasn't there. That doesn't mean that there weren't... There was no reason for it. There was no reason for it. Well, it's not articulated. It's hard to... We're under Harrington in reviewing the state court. Yes. And so it seems like what we should do is use Harrington in reviewing the state court, but you're trying to add something we're supposed to do to what happened in the district court, and that is not what we usually do, so you have to explain why it's different here. Well, there are at least two ways to do it. It's just not... You can look at what the state court recently could have found on formal background, or the district court, for example, can make de novo findings to which you defer to... Under what rule could the district court make de novo factual findings in this case? Under what rule allow them to have an evidentiary hearing on the habeas codium being carried? Well, when you say evidentiary hearing, the local court can make factual findings without an evidentiary hearing, because the evidence... The evidence is the state court record, is it? Yeah, the evidence... Most of the evidence is the state court record. That's correct. However, a district court can make factual findings, just like in public courts do, at times, once a day after the month. Essentially, they're both court records. The state record, one is. The declarations... There were two declarations filed in the district court for the first time, and he says to one of them, the court's out of change, and he's considering it, and we're dealing with it. So... I think that's a good law. And what about the other one? You don't look at the evidence every single day. Though it seems that the extra evidence didn't matter, so the district court was reviewing this state court record just like we're supposed to review this state court record, and usually we get a taboo. You certainly sit in the same position as the district court does in looking at what the state court could have found, but in that case, you're not looking at district court factual findings at all, because the reason why a prior court could have found is not itself a personal fact. Is the district court in any better position to make findings on that record than review that record that we made? I don't know. I'm not sure whether it is, but there's all those ties that factual findings could hold you for longer. There are about a million cases in our court that say that we review abuse cases de novo, and district courts always talk about what happened in the state court, and then we review it de novo, and I'm not sure what's different about this idea that there wasn't an agreement than any other thing district courts say about a state court record in all the abuse cases that we review de novo. I would happily supply you with a case where the statement that we review de novo is rapidly followed with the review of factual findings by the district court. The state court? Yeah, the district court. Okay, well, it would be helpful if you could show us that. I will. I will have one for you. I'm sorry. No, no, no. And I will get into it now. In this case where there wasn't testimony and the district court let me do a hearing. I understand. There's reason why citation in this brief puts out just not about the evidence sources. You're going to include exactly what it says here. But why don't you explain to me why your adversary is wrong in saying that if you look at the state court record, it's apparent that there must have been some kind of an agreement. Because the mere fact that someone does something on day 10 doesn't mean that there was an agreement prior to day 10. All he has is that eventually someone did their job by testifying in his trial and the prosecution took it into account later when he had some cases go up. That's really all there is. In 2009, there was a discussion where they're talking about, can you ask for parole and am I going to testify? And then Johns gets into court and says we never talked about both things in the same conversation. That was blatantly false. How is it not an apple of error? How is it not corrective? I can tell you that I can see a state court reaching a contrary conclusion because there are things there that happened before that particular passage. And now that trial is happening. He says we never talked about it. The question is what it is. And also what was the question in which he was responding before he said yes? Again, that was precisely what I discussed in the brief. And I think they did check and they were all okay. He had barely announced the news because it's an evidentiary hearing and then the excerpt right here, so I'm not going to talk about it. Counsel, sir, I just want to make sure I hear correctly. The question is what? The question in the court. The question is, has Crawford any intention to testify? The validity falls from that. Well, do you insist on a displease? Yes. You do not, thank you. And is being offered a reward or something? He says no. He knows. It would just vanish out of your words. I'm sorry, I'm not going to. Okay. The court clarifies that what we're talking about here is whether he was offered any inducement to testify. So that's the tone for a pathology that you're going to see in the counsel that follows. Counsel, were you either offered? Well, do you understand what an inducement means? Yes. You do not. Yes, I do. And that's being offered a reward of some sort, something for your testimony. He says no. Right. Yes. In your testimony, you were never offered anything. By who? By law enforcement or the district attorney's office or anybody. Offered nothing from their list. You, on your own, offered your testimony in return for hoping to get some relief for your mom. No. Me and the DNA have never spoke about this case in that case together. No law enforcement, no nobody. It's never been brought up in the same conversation. It is an idea of an agreement. It is the idea of something that we've had. It's exactly what the court explained to all of me, whether he was offered an inducement. Not simply whether or not. But did you offer your return for hoping to get some sort of relief later on? And I don't see how the answer to that question is anything like this. He offered to testify in order to get rid of an inducement. The report didn't say that. The report says he asked about parole. He didn't sit down and explain he was still testifying. Did he give you an address? If he thinks this was a violation, why? It doesn't make a difference. Say it again. Well, the evidence is overwhelming for one thing. He identified her in 2007. At the time, she had been in her full childhood with someone other than the actual person with him. Again, there was more than one witness. Can you say that again? There was what? There was more than one witness to this hearing. The victim's girlfriend is here. Two hours later, you find two witnesses. Is it John's girlfriend? I don't think it's his girlfriend. Both girlfriends follow. They consult. The other follows. The girlfriend is here. And there's no way you would expect. There's no way to expect. And they identify some person who wasn't there. And she's going to go along with that. That's almost it. Again, this is his wife and this is his father. If I identify some person who wasn't there, there's no reason to prove that I, who had fell into two prior strikes, have been in a 325 life, and all I have to do is identify the correct person. That could be seen as an overwhelming case by the state court. The fact that this was the location where people at the party bought drugs and were constantly buying drugs is exactly this. Really, they came back with more drugs. They start buying more drugs, I guess. That's what really happens. And they say, go get some more drugs. From that same place, the defendant walks off with someone's keys, with Christie Scarborough and Christopher Johns. The defendant wears a necktie. Shrunk thereafter, back at the same place, Christie and John show up with a third person who has a necktie, a bad person who was just shooting. And then they show up back at the party, and the defendant still has the keys. That's an overwhelming case that leaves the person who was there in the deep suit. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.    Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. The accused is Monto versus Gonzalez. The sentence is D-8, F-3-1-9-2. The court of this court stated that discriminatoriality is not sufficiency of evidence. Evidence may be sufficient to sustain a verdict, but still, brainy can be violated. But we have to say that the state court, in this type of unethical Harrington world, that the state court violated clearly established laws by the Supreme Court. So we need a Supreme Court case that says there's no way you could find this type of thing to have not made a difference in this trial. And I'm not sure we can use our own cases. Are they going to get any closer? No. But we have to say that the state court violated Supreme Court authority in rejecting this claim. That would be my question. So you're citing something from our court. But we need to, in order to grant habeas, we need to find that the state court violated Supreme Court law. I got one for you. Kyles versus Whitney. When the court in Armado was quoting Kyles versus Whitney in 514 U.S.C. and 434, I mean, basically what you're seeing is what the Supreme Court said over and over again in all her sentencing cases on the same subject is that when the prosecutor presents false evidence, the test is not whether or not there's sufficient evidence to have the false evidence, but whether the false evidence could affect the jury in making its decision. That's not of sufficient evidence. What is the type of evidence? For instance, if the type of evidence was that the person says quite falsely that the shooter has never really looked, okay, then the judgment is no, this is not going to affect the judgment of the jury. But when you have the sole eyewitness who actually sees the shooting and identifies the defendant, and he's the person who tells the jury that he's coming in there as a witness. So if you take this testimony out of the trial and never was in the trial at all, is there any other outcome that the jury could have thought in terms of who was the shooter here? Yeah, but this analysis that you do here, that's what you do with Brady. Is it tough on Brady? With Brady, that's what you do. Brady sees what would affect the judgment. Here, he's caught it or affected the judgment. It's very different. So, same question. How could the jury... By bringing in the eyewitness to the shooting. I saw the neck tattoos of the shooter and the neck tattoos match the neck tattoos, so how do we get around that? You can testify to that, because you can get the stand-in and point out his tattoos, and you can say, John's also had tattoos. He has tattoos? Yes. Is that on the record? It's on the record, yeah. You know, like fingertips. But he's never taken tattoos all over his body. So the point of it is is that when a prosecutor deliberately tries to skew the jury by presenting false testimony, by lying, his answer is totally different from Brady. He's lying. The testimony about what was discussed at the same time. That's one of them. The other one is, is you listed it for him that he never, or Mr. Johns, that he never is for anything. And as an eyewitness, it's all over the transcripts of his interviews with the detectives. It doesn't say to me what he's doing. You know, is this one of these guys scaring the system? I'm not an eyewitness. All right. We want to write an opinion, but if we have one, please, what you're saying was a lie. Right behind the scenes, it is a lie. That's the first thing we talked about, about what was talked about. The second one was that he never asked for consideration. The third one, of course, is that my client is the bad guy. That's not true. It's a lie and trial. But the point of it is, is that Johns took the position. He told me he was seen as an athlete. He's here. And he agreed. He's here at the bottom. And he goes to his heart. And in other words, they're responding to him, referring to him, doing a civic duty. And nothing could be further from the truth. This is a three-time convicted felon. He was playing the system for his own benefit. It happened in Tennessee. It even happened in a case that happened in the afternoon of the 25th hour. It was in another time. And he tried to play the same card again by saying that he, you know, that he's entitled to consideration from the prosecutor. The prosecutor says, I'm going to give the same card to the same person twice. Thank you, Hasel. I think we have your argument. It would help me if you could, if you are able to find something that shows in the state court record that Johns has neck tattoos. If you could draw something that tells us where that is, that would be great. Thank you both sides for the argument. The case is submitted.
judges: Schroeder, Friedland, Whaley